## PETER DeFORD, Appellant, v. ISAIAH JOHNSON.

### Division One, June 17, 1913.

1. **ALIENATION OF AFFECTIONS: Divorce: Effect of Statute.** The alienation of the wife's affections is a tortious act of some third person against the rights of the husband, and his right to sue is one which must arise while the marital relation exists, but it is not a right which grows out of the marital relation, and is not one of the forfeited rights mentioned in Sec. 2378, R. S. 1909, declaring that "in all cases of divorce from the bonds of matrimony, the guilty party shall forfeit all rights and claims under and by virtue of the marriage." The "rights and claims" mentioned in that statute are rights and claims between husband and wife which spring up by reason of the marriage, and do not include tortious acts of third parties towards either during the existence of the marriage relation.

2. ————: ————: **Bar to Right of Injured Party to Sue.** The obtaining of a divorce by the wife does not bar the right of the husband to maintain a personal action against a third party for the tortious act of alienating her affections committed during the existence of the marital relation. The husband cannot recover for defendant's conduct towards his wife after she obtained a divorce; but for all his tortious acts toward the wife committed while the marriage relation existed defendant is liable, and the decree in the divorce suit, obtained by the wife, even though obtained for the fault of the husband, is no bar to the husband's suit for alienation.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

REVERSED AND REMANDED.

*Bird & Pope* for appellant.

(1) A husband's right of action for alienation of affections is personal, and is not barred by a judgment of divorce. Bennett v. Bennett, 116 N. Y. 584, 6 L. R. A. 553; Nolin v. Pearson, 191 Mass. 283; Wales v. Miner, 89 Ind. 118; Michael v. Dunkle, 84 Ind. 544; Wood v. Matthews, 47 Iowa, 409; Purdy v. Robinson, 133 App. Div. 155, 117 N. Y. Supp. 295; Prettyman v.

Williamson, 1 Pa. St. 224; Beach v. Brown, 20 Wash. 266, 43 L. R. A. 114. (2) Sec. 2378, R. S. 1909, does not forfeit rights against third persons accruing during the existence of the marriage relation. Kilburn v. Kilburn, 89 Cal. 46; Kinzey v. Kinzey, 115 Mo. 496; Saunders v. Saunders, 144 Mo. 482; Schuster v. Schuster, 93 Mo. 438; Bufe v. Bufe, 88 Mo. App. 627; Wales v. Miner, 89 Ind. 118; State v. Parrish, 1 Ind. App. 441; Buttlar v. Buttlar, 67 N. J. Eq. 136; 2 Bishop Mar. & Div., sec. 1623; Moss v. Fitch, 212 Mo. 484; Ross v. Ross, 21 Ore. 9; Barrett v. Failing, 3 Fed. 471. (3) No proof was made as to the effect of a divorce rendered in Idaho. The Missouri statute being penal there is no presumption that there is a similar statute in Idaho. St. Sure v. Lindspelt, 82 Wis. 346. (4) If proof had been made of a penal statute of Idaho such statute could not be made to act extraterritorially. Stanley v. Railroad, 100 Mo 435, 8 L. R. A. 549; Clark v. Clark, 8 Cush. 385; Succession of Herhandez, 46 La. 962; 2 Bishop Mar. & Div., sec. 1618; State v. Fenn, 47 Wash. 561, 17 L. R. A. (N. S.) 803; Smith v. Ross, 7 Mo. 232; Fall v. Eastin, 215 U. S. 1; Proctor v. Proctor, 215 Ill. 275; Hood v. Hood, 130 Ga. 610, 19 L. R. A. (N. S.) 193; Doerr v. Forsythe, 50 O. St. 726; Kline v. Kline, 57 Iowa, 386. (5) A judgment in one State enforcing a penal statute of that State cannot be made to carry the enforcement of that penalty to another State. State v. Ebbs, 150 N. C. 44; McGrew v. Ins. Co., 132 Cal. 85; Wisconsin v. Ins. Co., 127 U. S. 265; Phillips v. Madrid, 83 Me. 205; Van Storch v. Griffin, 71 Pa. 244; Garner v. Garner, 56 Md. 127; Ponsford v. Johnson, 2 Blatch. 51; Thorp v. Thorp, 90 N. Y. 602; Bullock v. Bullock, 122 Mass. 3; 14 Cyc. 729; 2 Bishop Mar. & Div., sec. 1620. (6) A judgment rendered on service by publication cannot affect property rights of the defendant in another State. Moss v. Fitch, 212 Mo. 484; Anthony v. Rice, 110 Mo. 223; Hamill v. Talbott, 72 Mo. App. 22; Hamill v. Tal-

bott, 81 Mo. App. 214; Anderson v. Anderson, 55 Mo. App. 272; Pennoyer v. Neff, 95 U. S. 727; Hood v. Hood, 130 Ga. 610; Proctor v. Proctor, 215 Ill. 275; McGuinness v. McGuinness, 71 N. J. Eq. 1; Doerr v. Forsythe, 50 O. St. 726; Kline v. Kline, 57 Iowa, 386; 14 Cyc. 589; Ellison v. Martin, 53 Mo. 575; Note to 9 L. R. A. (N. S.) 593. (7) The Idaho decree does not purport to affect any of defendant's property rights. It only affected his matrimonial status. January v. Speeder, 38 Mo. 395; Hekking v. Pfaff, 82 Fed. 403, 91 Fed. 60; Rigney v. Rigney, 127 N. Y. 408. (8) If the Idaho decree had purported to affect any of defendant's rights, the courts of Missouri would not be bound to enforce that judgment. Smith v. Ross, 7 Mo. 232; Pennoyer v. Neff, 95 U. S. 729; Haddock v. Haddock, 201 U. S. 562; Fall v. Eastin, 215 U. S. 1; Reed v. Reed, 52 Mich. 117; Smith v. Ross, 7 Mo. 232.

*Ben T. Hardin* for respondent.

(1) The trial court was right in sustaining defendant's demurrer to plaintiff's evidence. In all cases of divorce from the bonds of matrimony, the guilty party shall forfeit all rights and claims under and by virtue of the marriage. R. S. 1909, sec. 2378; Gould v. Crow, 57 Mo. 200; Anthony v. Rice, 110 Mo. 223; Lieber v. Lieber, 239 Mo. 1; Hamilton v. McNeill, 150 Iowa, 470; Story v. Story, 188 Mo. 127. (2) The effect of our statute, section 2378, is not limited merely to the relations of the parties between themselves. It bears upon their future relations, each to the other, and each to the world. And the decree of divorce rendered in Idaho, is just as binding on the appellant here, and in every State in the Union, as it is in Idaho. Gould v. Crow, 57 Mo. 200; Anthony v. Rice, 110 Mo. 223; Lieber v. Lieber, 239 Mo. 1; Hamilton v. McNeill, 150 Iowa, 470; Steamboat Co. v. Foster, 48 Am. Dec. 273; Arndt v. Griggs, 134 U. S. 316;

Wehrman v. Conklin, 155 U. S. 314; Arrington v. Arrington, 127 N. C. 190; In re James, 99 Cal. 374; Estate of Newman, 75 Cal. 213; Succession of Benton, 59 L. R. A. 135; Van Blarcum v. Larson, 130 N. Y. Supp. 925.   (3) In the absence of the laws of Idaho, they are presumed to be the same as our own.   That State never having been subject to the laws of England, but the territory out of which it was carved having been acquired from Spain, in the absence of its laws, our own must be applied.   Biggie v. Railroad, 159 Mo. App. 350; McManus v. Railroad, 118 Mo. App. 152; Bain v. Arnold, 33 Mo. App. 631.

GRAVES, J.—December 28, 1906, the plaintiff sued the defendant in the circuit court of Jackson county for an alleged alienation of his wife's affections. Plaintiff recovered judgment for $5500, and upon defendant's appeal to the Kansas City Court of Appeals the judgment was reversed for error in an instruction. [DeFord v. Johnson, 152 Mo. App. 209.]   In the opinion of the Kansas City Court of Appeals it is stated that the answer was a general denial.   The record before us shows that on October 1, 1908, the plaintiff filed an amended petition, asking for damages in the aggregate sum of $25,000.   Of these alleged damages $15,000 is denominated actual, and $10,000 punitive. The Court of Appeals passed upon the case in January, 1911, and October 6, 1911, the defendant amended its answer in advance of the retrial *nisi*.   The answer in this record has two strings to its bow.   First we have a general denial.   For a further defense the new answer thus speaks:

"And for further answer to plaintiff's petition, this defendant says that during that time that Mary DeFord was the wife of the plaintiff, he was guilty of such cruel neglect and barbarous treatment of his said wife, as to cause her to institute suit against him for divorce, and on the 26th day of May, 1909, Mary De-

Ford, the wife of the plaintiff, at their home in the city of Grangeville, in Idaho county, in the State of Idaho, instituted such suit in the district court of said county and State, against the plaintiff, Peter DeFord, for divorce, and afterwards, to-wit, on the 3rd day of September, 1909, in said court, a decree of divorce was adjudged in favor of the said Mary DeFord and against the said Peter DeFord, the plaintiff herein, and he was adjudged the guilty party, and that by reason of said judgment and decree in said suit for divorce, the plaintiff has thereby forfeited all rights and claims under and by virtue of his marriage with the said Mary DeFord, and plaintiff is thereby barred from any claim or right of recovery in this action. Wherefore, having fully answered, this defendant asks to be discharged with its proper costs.''

Reply to this new answer was a general denial.

The bill of exceptions filed is in abbreviated form and was evidently so framed as to present a single issue. The bill of exceptions contains this recitation:

''And said plaintiff introduced evidence tending to prove all the allegations of his petition filed in the above entitled cause. And said defendant, as a part of the cross-examination of the plaintiff himself, offered in evidence a certified copy of original complaint, summons, *alias* summons and judgment in the case of Mary E. DeFord, plaintiff, v. Peter DeFord, defendant, in the district court of Idaho county, State of Idaho.

''To the introduction of which complaint, summons, *alias* summons and judgment in evidence, plaintiff objected as incompetent, irrelevant and immaterial, and of no extra-territorial effect, and no defense to the prosecution of this action, and of no binding force upon him in this action in the State of Missouri.

''The Court: Objection overruled.

''To which action, order and ruling of the court counsel for plaintiff then and there duly excepted.''

The bill of exceptions then contains a full transcript of all the proceedings in the Idaho court in this divorce proceeding, from the petition to the judgment. The petition in the divorce suit was filed May 26, 1909. Proof of service of summons in the divorce cases thus reads:

STATE OF KANSAS, COUNTY OF WYANDOTTE.

*James R. Pollard*, being duly sworn says:

That he is a citizen of the United States over the age of twenty-one years and a resident of Kansas City, State of Missouri, and not a party to nor in anywise interested in the action mentioned in the annexed *alias* summons;

That he personally served the within *alias* summons on the defendant named in said *alias* summons, Peter DeFord, by delivering to and leaving with said Peter DeFord, said defendant, personally at Kansas City, State of Kansas, on the 14th day of June, 1909, a copy of said *alias* summons together with a copy of the complaint in the action named in the said *alias* summons attached to said copy of *alias* summons.

JAMES R. POLLARD.

Subscribed and sworn to before me this 15th day of June, 1909.                                   O. Q. CLAFLIN,
Notary Public of the County
of Wyandotte, State of Kansas.

(O. Q. Claflin, Notary Public, Wyandotte Co., Kansas.)

The grounds for divorce as stated in the petition are:

"That the said defendant for more than two years last past wilfully neglected to provide plaintiff with the common necessities of life, because of his idleness, profligacy and dissipation.

"That on or about November, 1906, the defendant disregarding the solemnity of his marriage vows, wilfully and without cause deserted and abandoned the plaintiff, and ever since has and still continues so to wilfully and without cause desert and abandon the plaintiff and to live separate and apart from her without sufficient cause or any reason, and against her will and without her consent."

The judgment so far as material reads:

"Whereupon, witnesses on the part of the plaintiff were duly sworn and examined, and the evidence being closed the cause was submitted to the court for consideration and decision, and after deliberation thereon and it appearing to the court that all material allegations of the complaint are sustained by testimony free from all legal exceptions as to its competency, admissibility and sufficiency, and it also appearing to said court that said defendant was duly served with summons and all and singular the law and the premises being by the court here understood and fully considered.

"Wherefore, it is here ordered, adjudged and decreed and this does order, adjudge and decree that the marriage between the said plaintiff Mary E. DeFord and the said defendant Peter DeFord, be dissolved and the same is hereby dissolved, and the said parties are, and each of them is, free and absolutely released from the bonds of matrimony and all the obligations thereof."

On his cross-examination the plaintiff admitted that he was the Peter DeFord mentioned in the divorce proceeding, and further admitted that: "About five months after said decree of divorce was granted said Mary E. DeFord, his wife, that he was married to one Elder Childers in Kansas City, Wyandotte county, Kansas, the same county in which said summons in the divorce case of said Mary E. DeFord was served upon him by James R. Pollard on June 14, 1909, and that the said second wife died thereafter on October 15, 1910."

The bill of exceptions, as duly signed and allowed by the trial judge, then further recites:

"At the close of the evidence on the part of plaintiff, the defendant asks the court to give the following instruction, to-wit:

" 'The court instructs the jury that under the pleadings and the evidence in this case the plaintiff is

not entitled to recover, and your verdict must be for the defendant.'

"And said instruction in the nature of a demurrer to the evidence having been argued by counsel and considered by the court was by the court given, but solely and entirely for the reason, as stated, held, and decided by the court at the time, that the right of the plaintiff to recover herein, as made by his evidence, was lost and destroyed by reason of the fact that since the plaintiff had commenced his said action herein his wife, Mary E. DeFord, had obtained said decree of divorce from him in the district court of Idaho county, State of Idaho, as shown by the said record of said divorce proceeding, introduced in evidence, and in and by said decree of divorce said Peter DeFord had been adjudged the guilty party, and that thereby he had forfeited his right to have, and to further proceed with, the cause of action sued for herein, to all of which finding, decision and judgment, and each part thereof, plaintiff duly excepted."

"And thereupon the court gave and read said instructions to the jury, in the nature of a demurrer to the evidence, said plaintiff duly excepting, and thereupon plaintiff took an involuntary nonsuit herein, with leave to file a motion herein to set the same aside, which the court granted."

After an unsuccessful motion to set aside the nonsuit, the plaintiff brings the case here by appeal.

I. Much is said in the briefs as to whether a certain statute of Missouri should be considered as effective in this case. This statute is relied upon by the defendant. It is now section 2378, Revised Statutes 1909, and so far as applicable reads:

*Divorce: Forfeited Rights.*

"In all cases of divorce from the bonds of matrimony, the guilty party shall forfeit all rights and claims under and by virtue of the marriage."

Plaintiff urges that the statute is penal in character, and hence there is no presumption of a similar statute in Idaho; or, in other words, that we cannot, in the absence of proof of the Idaho law, presume that it is the same as the Missouri law. In the view we have of the case it is a waste of energy to discuss this question. For our discussion we shall proceed upon the theory that Idaho did have such a statute as our statute, section 2378, supra. That statute has no application to a case like the one at bar. Alienation of the wife's affections is a tortious act of some third person as against the rights of the husband. The right to sue is one which must arise whilst the marital relations exist, but it is not a right which grows out of the marital relation, and is not one of the forfeited rights mentioned in the statute. The "rights and claims" referred to in this statute, are rights and claims between husband and wife which spring up by reason of the marriage; and the statute has no reference whatever to the tortious act of a third party during the existence of the marriage relation, which tortious act gives the husband a cause of action as against such third party. To put an A, B, C case: If a railway company cripple and injure the wife of A, so that he is deprived of her society and aid, is the right of action a right and claim "under and by virtue of the marriage?" We think not. Neither is the cause of action stated in this petition such a claim or right. Cases cited by learned counsel for the defendant are not in point. They discuss claims and rights which really grow out of the marriage contract and marriage relation. They do not discuss the rights of a husband for the tortious acts of a third party occurring whilst the marriage relation exists. This statute has no bearing upon the case at bar. A reading of it should have been sufficient for the trial court.

II.   By the petition the wrongful and tortious acts of the defendant are charged to have occurred in the years of 1905 and 1906.   The divorce proceeding was in 1909.   If the defendant violated the rights of the plaintiff, and if he wronged the plaintiff, such wrong was done whilst the marital relation existed.   Plaintiff in the brief urges many reasons against the admission of the Idaho judgment and decree of divorce, but these we shall pass.   We shall give to that judgment full credit, and permit it to have all the weight to which it is entitled.   The question then arises, does that judgment bar and foreclose the right of plaintiff in this action?   To this question we answer, no.   The tort was complete before this divorce.   That such an action is a tort and a personal action belonging to the injured spouse, is clearly shown by the case law.   [Bennett v. Bennett, 116 N. Y. 584; Nolin v. Pearson, 191 Mass. 283; Modisett v. McPike, 74 Mo. 636; Clow v. Chapman, 125 Mo. l. c. 105.]

*Alienation of Affections: Divorce as Bar.*

That a judgment for divorce even at the husband's fault is not a bar to an action of this kind is clearly shown by the authorities.   Thus in Michael v. Dunkle, 84 Ind. l. c. 545, it is said:

"The evidence shows, or tends strongly to show, without conflict, that before the criminal intercourse occurred the appellee and wife had finally separated, that they did not afterwards live together, and that before the commencement of this action she obtained a decree of final divorce from him; and upon these facts it is insisted that the appellee was not entitled to recover.   We think otherwise.   The woman was still the appellee's wife, and notwithstanding the differences which had led to the separation, which it seems was caused by his cruelty, there might have been a reconciliation between them; and indeed there is evidence that the appellee was seeking to bring this about at the time when the offenses of the appellant were

committed and discovered. After this discovery, it is not strange that the appellee permitted his. wife, without resistance, to obtain a divorce; but he did not thereby waive or lose his right to redress for the injury done. It would not be in the interests of good order and the public morals to permit the seducer of a wife to set up a disagreement, or even a separation, between her and the husband, as complete defense to an action by the latter from the wrong."

In Wales v. Miner, 89 Ind. 118, the rule is well stated in the second syllabus thus: "That the plaintiff and his wife were divorced before the suit was begun is no defense to a suit for criminal conversation." In that case the wife got the divorce, and the suit was not brought until after the divorce had been granted.

In Wood v. Mathews, 47 Iowa, l. c. 411, that court upon this point says: "The evidence shows that after the injuries complained of, and before this action was brought, the plaintiff's wife procured a divorce from him. The court instructed that this constitutes no defense to an action for damages against the defendant for any injuries which he may have sustained prior to the time of procuring the divorce. Appellant complains of the giving of this instruction. In it there is no error. Actions of this kind, after a decree of divorce, were maintained in Dickerman v. Graves, 6 Cushing, 308, and in Ratcliff v. Wales, 1 Hill, 63."

In 21 Cyc. 1620, the rule, well supported by authority, is thus announced: "Where the wife's right to sue is recognized, she may maintain her action, although she has subsequently obtained a divorce from her husband; and the husband may likewise recover for alienation of his wife's affections in a proper case although she has obtained a divorce. A separation agreement between a husband and wife is no defense to an action for alienating the husband's affections."

We are not without authority in this State. In Modisett v. McPike, 74 Mo. l. c. 646, this court said:

DeFord v. Johnson.

"The fourth, fifth and sixth instructions for plaintiff announce with special clearness and force the true doctrine applicable to the facts of the case and all other cases, when the same question arises. They declare the general doctrine that although the jury may believe that plaintiff's wife obtained a divorce from him, and that she made plaintiff's misconduct ground for obtaining said divorce, yet if the jury believe that notwithstanding such misconduct on the part of the plaintiff, his wife would not have separated or remained apart from him, or sued him for a divorce if it had not been for the acts, conduct and influence of defendant toward her; and that defendant purposely and intentionally, by such acts, conduct and influence, induced her to so separate or remain apart from plaintiff, or sue him for a divorce; then, the fact that plaintiff's wife obtained such a divorce on account of plaintiff's misconduct, does not, of itself, constitute any defense to this suit.

"That doctrine is not the doctrine announced in the third and fourth instructions given for the defendant. They assert another and a different doctrine, and we think an erroneous one. In effect, they declare, as a matter of law, that if the plaintiff was addicted to habitual drunkenness for the space of one year next before the separation of the plaintiff and his wife, or the institution of her said suit for a divorce against the plaintiff, the wife of plaintiff had a just cause for said separation and for the institution of said suit for a divorce and that the verdict should be for the defendant regardless of whether the defendant, or anyone else, advised her to do so or not.

"The first proposition contained in the above instruction may be, and doubtless is, correct, but the second is by no means true. The wife may have a just cause for separation or divorce, but she may elect to abide by her situation, and remain with her husband nevertheless. If she chooses to do so, no stranger has

the right to intermeddle with the domestic and marital relations of husband and wife, and if he voluntarily does so he is amenable for the consequences.''

In the McPike case there was a decree of divorce introduced in evidence, which showed that the wife had procured the divorce on account of the fault of the husband. Our court declined to recognize such decree as a bar to plaintiff's action against the third party for the wrong occurring during the time of the marriage relation.

In Clow v. Chapman, 125 Mo. 101, the suit for alienation was prosecuted by the wife after the marriage relation had been severed. This case also recognizes the doctrine that the action is one in tort and not a right growing out of the marriage status. The petition in this case charges that the plaintiff was forced to separate from his wife by reason of defendant's conduct. The bill of exceptions says that there was evidence tending to prove all the allegations of plaintiff's petition. As said by the Indiana court, supra, it is not strange that plaintiff made no defense to the action for divorce, grounded as it was as indicated by the record in our statement set out. The decree of divorce was perhaps proper evidence. The plaintiff could not recover for defendant's conduct toward his wife after the divorce. Defendant was liable for all his tortious acts, if any, which occurred whilst the marriage relations existed, and the decree in divorce, even though obtained on the alleged fault of the husband, is no bar to plaintiff's action.

The judgment will be reversed and the cause remanded, to the end that it may be reinstated upon plaintiff's motion filed therein, and tried in accordance with the views herein expressed. It is so ordered. All concur.