<hr />

Rainwater v. Emberton.

Opinion delivered May 7, 1923.

1. Husband and wife—alienation of wife's affections—evidence.—Evidence in an action for alienating the affections of plaintiff's wife, tending to show that defendant invaded plaintiff's home and seduced his wife, thereby depriving him of the aid, comfort and happiness which he had previously enjoyed, *held* to sustain a verdict for plaintiff.

2. Husband and wife—alienation of wife's affections—instructions.—In an action for alienating a wife's affections, instructions *held* to properly submit to the jury the issue as to whether

plaintiff had the love or affection of his wife at the time defendant made her acquaintance.

3. HUSBAND AND WIFE—ALIENATION OF WIFE'S AFFECTIONS—COMPLAINT.—Where a complaint for alienating the affections of plaintiff's wife alleged their happy relations, and that defendant, through continued attentions, won her affections and seduced her, depriving plaintiff of her comfort, society and assistance, a motion to make the complaint more specific by setting out the inducements offered and means and methods adopted by defendant to win and retain her affections was properly overruled.

4. APPEAL AND ERROR—HARMLESS ERROR.—Refusal to require the plaintiff to make his complaint more specific was not prejudicial where defendant does not show that he was prevented from introducing any evidence which he could or would have produced if the allegations had been more specific.

Appeal from Crawford Circuit Court; *James Cochran,* Judge; affirmed.

*Chew & Ford,* for appellant.

No testimony to support allegations of complaint as to appellant's seducing and debauching wife of appellee. "Seduce" defined, Anderson's Dictionary, 932; 10 S. W. 841; 55 Atl. 1021; 76 Conn. 135; 100 Am. St. Rep. Instruction number 5 was therefore erroneous. Court erred also in giving instructions numbered 1, 2, and especially 3, all of which erroneously assume that appellee's wife had affection for him. The court should have required the complaint made more definite and specific.

*C. M. Wofford* and *John D. Arbuckle,* for appellee.

Word "debauch" does not appear in amended complaint, and the words "seduce" and "debauch" are distinguished in meaning in the authorities. Words & Phrases, 6389, 6390; 10 S. W. 841. Instruction number 5 was favorable to appellant. 79 S. E. 872. The testimony was amply sufficient to warrant said instruction and to support the verdict of the jury. 106 N. C. 790.

HUMPHREYS, J. Appellee, W. G. Emberton, brought suit against appellant, H. H. Rainwater, in the circuit court of Crawford County to recover damages in the sum of $10,000 for alienating the affections of his wife,

May Emberton. It was alleged, in substance, that appellee and his wife were lawfully married on December 23, 1905, and lived happily as husband and wife until February 5, 1920; that at said time appellant became acquainted with appellee's wife, began to clandestinely meet her, and through continued attentions won her affections and seduced her, thereby depriving him of her comfort, society, and assistance.

A motion was filed by appellant to require appellee to make the complaint more definite and certain by setting out the inducements offered and means and methods adopted by appellant to win and retain the affections of appellee's wife. Over the objection and exception of appellant the motion was overruled, whereupon, reserving the exception, appellant filed an answer denying the material allegations of the complaint, and alleging that appellee himself, through neglect and mistreatment, lost the affections of his wife.

The cause was submitted to the jury upon the pleadings and testimony adduced, which resulted in a verdict and judgment of $5,000 against appellant, from which is this appeal.

Appellant's first insistence for reversal is that the verdict and judgment are unsupported by any substantial evidence. It is suggested that there is no testimony in the record tending to show that appellant and appellee's wife met clandestinely, that appellant acquired an improper influence over her, alienated her affections from her husband, and seduced her. The testimony introduced by appellant showed that appellee and his wife lived together very happily for fourteen or fifteen years following their marriage, during which time five children were born to them; that in the year 1919 they moved upon appellant's farm, where they resided as his tenants until November, 1920; that appellant extended courtesies and favors to appellee's wife which became noticeable and aroused the suspicion of appellee; that he made frequent visits to the home of appellee during his

absence, and on a certain occasion in March, 1920, was discovered by appellee, who came to the house from the field unexpectedly, in the chimney corner, and when asked by appellee what he was doing there, said he was not doing anything; that appellee requested him to go away, whereupon he threatened to put appellee off of the place and not let him make a crop; that during the conversation appellee informed appellant that about two weeks before that time he had gotten $50 from his wife which appellant had slipped to her; that appellant charged him with stealing it, and threatened him with the penitentiary; that appellant told Mrs. Maggie Mc-Annally, the mother of Mrs. Emberton, that he loved Mrs. Emberton better than the whole world, and asked her for a picture of her daughter so that he could have it enlarged; that Jim Key saw appellant hugging Mrs. Emberton; that feeling between appellee and appellant became tense, and early in April appellee went to Salli-saw, Oklahoma, where he worked until November, at which time he moved his family on to a farm about three miles from Sallisaw; that before moving his family he visited them six or seven times, but remained only a short time, because appellant sent him a note during one of his visits to leave at once; that appellee's wife was not satisfied in Oklahoma; that in January, 1921, appellant made a visit to the neighborhood in which they were living, and later sent two men in company with the father of Mrs. Emberton to move her back to Arkansas; that she and the children returned and took up their abode on appellant's farm, where they continued to re-side, against the wishes and over the protest of appellee; that appellee visited his family in February and March, 1921, but Mrs. Emberton manifested no interest in him, and ordered him to leave; that on one of these visits appellee found appellant in the house where his family resided; that in May, 1921, appellee returned, and, upon meeting appellant, engaged in a shooting affray with him; that Mrs. H. H. Rainwater had not been living

with appellant for more than a year when this suit was tried in the lower court.

While the testimony detailed above was contradicted, it was sufficient, if believed by the jury, to sustain the verdict returned by it and the judgment rendered in accordance therewith. Seduction can seldom be proved by direct evidence, and may be proved by circumstances, if sufficient upon which to base a reasonable inference of guilt.

Appellant's next insistence for reversal is that the court erred in giving instruction No. 5, which is as follows:

"You are further instructed that, if you find from a preponderance of the testimony that plaintiff and May Emberton were husband and wife at the times mentioned in the complaint and lived happily together as such in the manner and at the times as alleged in plaintiff's complaint, and you further find that defendant, in the manner alleged in plaintiff's complaint, seduced and debauched the said May Emberton, the wife of plaintiff, in the manner alleged in plaintiff's complaint, you will find for the plaintiff."

The instruction is assailed upon two grounds: first, that it is without support in the evidence, and second, that it assumes appellee had the love and affection of his wife.

(1). The *resumé* given above of the testimony introduced by appellee was sufficient upon which to base the instruction. It tended to show that appellant invaded the home of appellee and seduced his wife, thereby depriving him of the aid, comfort, and happiness which he had previously enjoyed, and to which he was entitled under the holy bonds of matrimony.

(2). The instruction does not assume that appellee had the love and affection of his wife at the time appellant made her acquaintance. On the contrary, the instruction submitted that very issue to the jury. The right of appellee to recover was predicated upon the

finding, among other things, that appellee and his wife, May Emberton, had theretofore lived happily as husband and wife.

Appellant's next insistence for reversal is that the instructions given by the court on the motion of appellee, and on its own motion, assumed the fact that appellee had the love and affection of his wife before appellant became acquainted with her. We have read the instructions carefully and find no conflict between those given by the court on its own motion and at the request of appellee, and instruction No. 3, given by the court at the request of appellant. Instruction No. 3 is as follows:

"You are instructed that if you believe from the evidence that if the affections of May Emberton, plaintiff's wife, were alienated either by Emberton himself, or his conduct, or by any other act, except the wrongful acts of the defendant, then your verdict will be for the defendant."

When all the instructions are read together, it is quite clear that the issue of whether appellee had the affection of his wife when appellant became acquainted with her was submitted to the jury for determination, and not assumed as a fact by the court.

Appellant's last insistence for reversal is that the court erred in overruling his motion to require appellee to make the complaint more specific. In the first place, we think the complaint was specific enough to apprise appellant of the general trend of evidence necessary to defend against the charge, and in the next place it is not pointed out, nor are we able to see, wherein appellant was prejudiced on account of indefiniteness or uncertainty in the allegations of the complaint. No showing is made that appellant was prevented from introducing any evidence which he could or would have produced had the allegations been more specific in any particular.

No error appearing, the judgment is affirmed.