McWILLIAMS *v.* KINNEY.

Opinion delivered December 3, 1928.

*Hays, Priddy & Rorex,* for appellee.

*Jesse Reynolds* and *Paul McKennon,* for appellant.

HART, C. J., (after stating the facts). The first assignment of error is that the court erred in giving instruction No. 3 at the request of the plaintiff, which reads as follows:

"Gentlemen of the jury, if you find from the evidence that the defendant, McWilliams, at and during the time plaintiff and his wife were living together, began to pay attention to the plaintiff's wife, and began visiting and courting her during the absence of the plaintiff, and by such methods, or any other methods, wrongfully stole away and alienated her affections from her husband, until she finally deserted the plaintiff, then the plaintiff is entitled to recover such damages as you believe from the evidence he has sustained under these instructions."

It is insisted that the use of the phrase, "or any other methods, wrongfully stole away and alienated her affections from her husband," submitted to the jury allegations not contained in the complaint. We do not agree with counsel in this contention. The plaintiff alleges that the defendant became a visitor in the home of the plaintiff, and wrongfully began to pay court to his wife; that he would frequently take her out riding in a car when the plaintiff was down in the coal mines at work; that he met her clandestinely many times; that he bought her many costly presents, and that, under the guise of friendship, he alienated her affections until she became dissatisfied with her condition and station in life; that she became cold towards the plaintiff, and finally neglected and abandoned him, because of the wrongful conduct of the defendant; that defendant, as a part of his plan, procured her to move to Clarksville for the pretended purpose of sending their son to school, but

really for the purpose of getting the plaintiff's wife more completely under his control; that the defendant, in carrying out his plan to alienate the affections of the plaintiff's wife, procured her to obtain a divorce, and paid all the expenses thereof. From these allegations of the complaint it will be seen that the object of the court in using the language now complained of was to submit to the jury any of the grounds of the complaint alleged which were sustained by the proof. Only a general objection was made to the instruction by the defendant, and, if he thought the meaning now contended for might have misled the jury, he should have made a specific objection to the instruction, and doubtless the court would have changed the verbiage in order to overcome his objection.

It is next insisted that the court erred in refusing to give instruction No. 2, requested by the defendant, which reads as follows:

"You are instructed that, before the plaintiff can recover, he must prove each of the material allegations in his complaint by a preponderance of the testimony."

The court did not err in refusing to give this instruction. The plaintiff was not required to prove each of the material allegations in the complaint. He was only required to prove one or more of them. The gist of the action was that the defendant had alienated his wife's affections.

The next assignment of error is that the evidence is not legally sufficient to warrant the verdict. We cannot agree with counsel for the defendant in this contention. In testing the legal sufficiency of the evidence to support the verdict, we must view it in the light most favorable to the plaintiff. When that is done, the jury was warranted in finding that the defendant broke up the home of the plaintiff and induced his wife to obtain a divorce from him, and to marry the defendant. The jury might have found from the attendant circumstances that he was the procuring cause of the separation of the plaintiff and his wife. It will be remembered that

they were frequently seen riding together during the absence of the plaintiff. Two of the witnesses testified that they saw the wife of the plaintiff riding with the defendant in the summer time, with the front curtains of the automobile up, and that she had on a man's hat and overalls. One witness further testified that, when they would return to the home of the plaintiff, the defendant would take the curtains down and drive off by himself. Then, too, the fact that the plaintiff went to the town of Clarksville to live, and soon after brought suit for divorce against her husband, is a fact of some importance. It is worth while to note that she married the defendant shortly after she secured the divorce. These facts, if believed by the jury, warranted it in finding that the defendant had alienated the affections of the wife of the plaintiff, and caused her to abandon him and to secure a divorce from him. *Hodge* v. *Brook,* 153 Ark. 222, 240 S. W. 2; and *Rainwater* v. *Emberton,* 158 Ark. 573, 250 S. W. 866.

It is generally held that a spouse against whom a divorce has been granted may maintain an action for alienation of affections occurring prior to the divorce, since the decree is not *res judicata* with respect to the plaintiff's cause of action, and does not operate as an estoppel by judgment. Case-note to 20 A. L. R. 943; *Luke* v. *Hill,* 137 Ga. 159, 73 S. E. 345, 38 L. R. A. (N. S.) 559; *Hostetter* v. *Green,* 159 Ky. 611, 167 S. W. 919, L. R, A. 1915C, 870; *Durham* v. *Durham,* 125 Mich. 109, 83 N. W. 1005; *DeFord* v. *Johnson,* 251 Mo. 244, 158 S. W. 29, 46 L. R. A. (N. S.) 1083; *Prettyman* v. *Williamson,* 1 Pen. (Del.) 224, 39 Atl. 731; *Knickerbocker* v. *Worthing,* 138 Mich. 224, 101 N. W. 540, and case-note to 6 Ann. Cas. 663.

Finally, it is insisted that the judgment should be reversed because the verdict is excessive. This was not made a ground in the motion for a new trial, and for that reason we cannot consider this alleged assignment of error. *Glasscock* v. *Rossgrant,* 55 Ark. 376, 18 S. W. 379; *Kansas City Sou. Ry. Co.* v. *Short,* 75 Ark. 345, 87 S. W. 646; *Battle* v. *Draper,* 149 Ark. 55, 231 S. W. 869.

Therefore the judgment will be affirmed.