JOHNSON v. WILKERSON.

Opinion delivered October 31, 1910.

1. CONTRACTS—CONSTRUCTION AS ENTIRETY.—The entire contract must be looked to as a whole in determining the consideration for its various obligations and the question of the mutuality of the obligations. (Page 324.)

2. SAME—ADEQUACY OF CONSIDERATION.—One consideration is sufficient to support several undertakings and promises. (Page 324.)

3. APPEAL AND ERROR—HARMLESS ERROR.—The court's refusal to transfer a law case to equity for the purpose of reforming the contract sued on was not reversible error if appellant was not prejudiced thereby. (Page 324.)

Appeal from Woodruff Circuit Court; Northern District; *Hance N. Hutton,* Judge; affirmed.

*J. F. Summers,* for appellant.

1. The court should have instructed the jury to return a verdict for the defendant. The contract, as appears by the first three paragraphs, is without consideration on the part of appellee.

2. The case should have been transferred to equity because of the mistake in reducing the agreement to writing, which was not discovered until after the commencement of this action. 71 Ark. 484; Kirby's Digest, § 5995.

*H. M. Woods,* for appellee.

1. The sixth clause of the contract, providing for a deed from appellee "for the sum named herein for all her right, title and interest in and to the above described land," shows a sufficient consideration. 9 Cyc. 311, and cases cited; 24 Ark. 197-201; 12 L. R. A. 463, note.

2. Transfer to equity was properly refused in this case. If reformation of the clause in which the mistake is alleged

to have been made were effected, still, under the fifth clause of the contract, appellant would be liable.

McCULLOCH, C. J. The plaintiff, Mrs. Wilkerson, owned an undivided two-thirds of certain lands in Woodruff County, and sold and conveyed her said interest to defendant for the price of $10,000. The remaining third was owned by plaintiff's four grandchildren (the children of her deceased daughter, Minnie Williams), two of whom were minors.

At the time of the conveyance, the plaintiff and defendant entered into the following written contract:

"Whereas, O. L. Johnson and Mrs. Josephine Wilkerson agreed that fifteen thousand ($15,000) dollars was to be the purchase price of the east half of the southeast quarter of section seven (7), township seven (7) north, range three (3) west; and it being agreed at the time that O. L. Johnson would pay Mrs. Josephine Wilkerson said amount of money for a good title to said place. And whereas, it appears at this date that Mrs. Josephine Wilkerson can make a good title to but an undivided two-thirds (2-3) interest of said land, or the greater portion thereof. And whereas, for the sum of ten thousand ($10,000), she has this day executed to O. L. Johnson her deed for said land, and it appearing that the heirs of Minnie Williams own an undivided interest in said land, and that some of said heirs are minors, O. L. Johnson hereby agrees that, if all of said interests is acquired by him, he will upon acquisition pay the sum of five thousand dollars, said acquisition to be made within two (2) years from this date. He further agrees that, if a one-half interest in the outstanding one-third (1-3) interest be acquired by him within twelve months, he will pay therefor the sum of two thousand five hundred ($2,500) dollars, and if said one-half of the outstanding one-third (⅓) interest be acquired by sale and order of court, or from individuals at a less figure than two thousand five hundred ($2,500) dollars, he will pay to Mrs. Josephine Wilkerson the difference in the price at which he acquires it and the sum of two thousand five hundred ($2,500) dollars. He further agrees that within two years from this date he will bid the sum of two thousand five hundred ($2,500) dollars for the remaining one-half (½) of one-third (⅓) interest if

said interest is offered at public sale, and if purchased for a less sum by him he would pay to Mrs. Josephine Wilkerson the difference between the price at which said interest was acquired and two thousand five hundred ($2,500) dollars. The consideration for this agreement being the execution by Mrs. Josephine Wilkerson for the sum named herein of all her right, title and interest in and to the above-described land. * * * It is further understood and agreed that, in the event that the one-half (½) of the one-third (⅓) outstanding interest of the heirs of Minnie Williams be not acquired within one year from date hereof, this entire memorandum and agreement is to be void and of no effect."

Within one year after the execution of this contract defendant purchased at public sale the interest of the two minors, and paid therefor the sum of $2,500; and within the next year (within two years after execution of the contract) he purchased the interest of the two adults, paying one of them $1,250 and the other $250 for his interest. Mrs. Wilkerson instituted this action against defendant to recover under the contract $1,000, the difference between $1,250 and the amount of $250, which he paid for the last-mentioned interest. The plaintiff recovered judgment, and the defendant appealed.

The facts are undisputed, and we are to determine from them whether or not the plaintiff is entitled to recover the sum demanded.

The time mentioned is necessarily of the essence of the contract, from its very nature, and, in order for plaintiff to recover, the facts must bring her within the terms of the contract as to the time stipulated.

It will be observed that under the fourth paragraph of the contract, if one-half of the oustanding third interest should, within twelve months "be acquired by sale and order of court or from individuals" at a less figure than $2,500, then defendant agreed to pay plaintiff the difference between the sum paid and $2,500. This clause of the contract was satisfied by the purchase of the two minors' interest at public sale for $2,500 within one year from date of the contract.

The next clause provides that defendant shall within two years bid at public sale the sum of $2,500 for the remaining half of the third interest, and if purchased for less than that

sum he will pay the difference to plaintiff. The only purchase made by defendant at public sale was within one year, and for the sum of $2,500, so he is liable for nothing on account of that purchase.

Under the contract, the requirement that defendant should pay to plaintiff the difference between $2,500 and the amount of his purchase price from individuals (meaning, of course, the adults), if he purchased that interest for less than the sum named, was, according to the strict letter of the contract, dependent upon the purchase having been made within one year from the date of the contract. The only specific provision in regard to a purchase after one year and within two years was with reference to a bid at public sale.

Now, since defendant did not purchase the interest of the adults within one year, and did not purchase the interest of either of the minors for less than the stipulated sum, it can be argued with much force and plausibility that he is not liable under the contract to plaintiff for any sum. In other words, that, in order to make him liable to plaintiff on account of the purchase of an adult's share for less than $1,250, the defendant must have purchased it within one year from the date of the contract, for, it is contended, the contract contains no specific provision requiring him to pay the difference under any other circumstances. We conclude, however, that that is too narrow an interpretation of the contract. The third paragraph contains an agreement in general terms on the part of the defendant to pay $5,000 for the acquisition of the remaining third interest, provided the acquisition should be within two years from date of the contract. We can discover nothing in the contract indicating an intention of the parties to lay any stress on the particular manner in which any of the outstanding interests should be acquired, whether by voluntary sale of the adults' interest or public sale of the interest of the minors. Time and the amount of the purchase price were the only limitations fixed in the contract, and plaintiff's demand falls within the limits thus prescribed. We think that, under a fair and reasonable interpretation of the contract, if defendant purchase one-half of the outstanding third interest within a year, and the remaining half within two years, he is liable to plaintiff for the difference if he purchased the other

half for less than $2,500, regardless of the manner in which he acquired the property or the particular heirs whose interests he acquired by the last purchase.

The entire contract must be looked to as a whole in determining the consideration for its various obligations, and also in determining the question of the mutuality of the obligations. The sale and conveyance of plaintiff's part of the land for the sum of $10,000 supported the whole contract and each undertaking thereof, and also rendered the undertakings mutual. One consideration is sufficient to support several undertakings and promises. Page on Contracts, § § 278, 305; *Myers* v. *Metzger,* 61 N. J. Eq. 522, 48 Atl. 1113; *Moshker* v. *Willard,* 169 Ill. 276; *Ross* v. *Parks,* 93 Ala. 153.

The defendant alleged in his answer that a mistake was made in drafting the fourth paragraph of the contract, which should have been as follows:

"He further agrees that, if a one-half interest in the outstanding one-third interest be acquired in twelve months, he will pay therefor the sum of two thousand five hundred dollars; and if said one-half of the outstanding one-third interest be acquired by sale or order of court, or from individuals at a less figure than two thousand five hundred dollars by Josephine Wilkerson, he will pay Mrs. Josephine Wilkerson said sum of $2,500."

He asks in his answer that the contract be reformed so as to make it speak the real agreement of the parties, and he requested the circuit court to transfer the case to the chancery court so that the proper relief could be granted. The court refused to transfer the cause, and that ruling is assigned as error.

If the contract should be amended in the particular mentioned, that would not relieve him from liability for plaintiff's claims. He is not liable under that paragraph, for he paid the full amount stipulated therein, and it matters not whether he purchased directly from the heirs or from the plaintiff. It is under the next paragraph that he is liable for his purchase within two years of the remaining half of the third interest, which he got at $1,000 less than the price he agreed to pay or to pay the difference to plaintiff. So, according to the undisputed facts in the record, the defendant is liable for the sum recovered.

Judgment affirmed.