THE FEDERAL REALTY COMPANY *v.* EVINS.

Opinion delivered October 11, 1915.

1.  CONTRACTS—PURCHASE OF LAND—DEEDS.—A and B entered into a contract whereby A agreed to deed certain lots to B for a certain consideration, the agreement providing that A deed one lot to B for every $30 of purchase money paid by B. *Held*, under the con-

tract A was not required to execute deeds to lots except a number covered by the purchase money paid or then due.

2. CONTRACTS—SALE OF LAND—MUTUALITY.—A contract for sale of land is not void for lack of mutuality which provides that B shall pay the purchase money as it matures, and that A shall execute to him a deed at the rate of one lot for each $30 of purchase money paid.

Appeal from Logan Chancery Court, Northern District; *William A. Falconer,* Chancellor; affirmed.

*Anthony Hall,* for appellant.

1. In order to constitute a valid and complete contract for the sale of land, there must be mutuality of obligation, as in other executory contracts. There must be both an obligation to sell and an obligation to buy. 29 Am. & Eng. Enc. of L. (2 ed.), 593.

As to payments made by appellant at the rate of $30 per lot, the contract was executed, but as to the remainder of the price fixed, the contract was executory, was an agreement to make sale at a future time. *Id.* 603.

The contract should be so construed as to give effect to each provision therein, and make the several parts consistent. 94 Ark. 493; 78 Ark. 202.

There is nothing in the contract to show that the amount paid would be forfeited to appellee on his cancellation of the contract. It would be inequitable to permit appellee to hold the money and the lots also. 72 Ark. 359.

2. There is no provision in the contract obligating appellant to pay any sum above the first $1,000 except as lots were sold, and then $30 per lot was to be applied on the remaining $5,000. It was error to render judgment against appellant for $1,700 and for sale of lots to satisfy the same. Appellee was entitled to judgment for cancellation of the selling contract only.

*R. C. Bullock* and *J. T. Bullock,* for appellee.

1. The second and third clauses of the contract must be read together, as they should be, in order to get the true meaning, and when so read, appellee's contention that the third clause is only applicable for money not due

and defines and makes plain the manner in which the provisions of clause 2 shall be carried out, is found to be correct.

The entire contract must be looked to in construing its meaning, and if different clauses are of doubtful meaning, that construction will be given them that is most reasonable and fair.    78 Ark. 202; 96 Ark. 320; 94 Ark. 493; 93 Ark. 497.

There is no reason to hold the contract inoperative on the ground of lack of mutuality.  9 Cyc. 327, and cases cited.

2.   The decree of the chancellor holding appellee entitled to judgment for the money due and unpaid and that he has a vendor's lien on the lots, is right.

SMITH, J.   On the 3d of April, 1912, the parties to this litigation entered into a contract in writing for the sale of a tract of land containing 125 acres situated in the Northern District of Logan County.   This tract of land had been platted into lots and was known as Mount Magazine, a summer resort.   The consideration for this contract was the sum of $6,000, and the provisions of the contract over which the parties are disagreed read as follows:

"Now, therefore, it is hereby agreed by and between the parties hereto, in consideration of the mutual stipulations and agreements to be kept and performed by the several parties hereto, as follows:

"*First.*   The first party agrees that for the purpose of this contract, he hereby agrees to sell and deliver unto the said parties of the second part the aforesaid lands and lots at a stipulated price of $6,000 to be paid in the manner hereinafter provided.

"*Second.*   Five hundred dollars cash, the receipt of which is hereby acknowledged, and note for $500, due August 10, 1912, said note to draw interest after maturity at 6 per cent, and said second parties shall continue to make payments to the party of the first part as lots are sold, and this contract shall continue in force for the period of five years from date hereof, provided parties of

the second part have made payments of at least $1,000 per year or upon the payment of the balance of the said $6,000, together with interest upon deferred payment or payments at the rate of 6 per cent after August 10, 1912, per annum, then said party of the first part or assigns is to deed to the party of the second part any and all lands or lots which have not been previously deeded.

"*Third.* It is further agreed by and between the parties hereto that the party of the first part is to release by deed lots at the rate of $30 each for all money received by him, such deed to be executed and delivered to the parties of the second part or any person designated by them; same to be executed and delivered within fifteen days from date of payment."

Appellant was the party of the second part to this contract, and pursuant to its terms paid $1,500 and the interest on payments which had not been made at their maturity. After these payments had been made a controversy arose as to the respective rights and obligations of the parties under this contract. There was considerable correspondence, in which the respective contentions of the parties were set out. This correspondence eventuated in a demand made by appellant in a letter dated February 7, 1914, as follows:

"Replying to yours of the 5th, this day received, would say that we refer to our last letter of January 21, in which we inclose a deed for you to sign, and also our ultimatum of January 31, and can only repeat that we will consider no other settlement at this time, either the deed to the fifty lots or the return of the $1,500, or we will take action to protect our interests."

This letter was written in response to one from appellee under date of February 5, in which appellee stated:

"I have concluded to meet your demands by releasing to you by deed sixty lots, upon the payment to me of the amount due (find statement enclosed) five hundred and forty-five ($545) dollars. This will settle fully the first and second payments."

It will thus be seen that appellant was contending for the execution and delivery to it of a deed containing fifty lots at the purchase price of $30 each; whereas, appellee offered to deed sixty lots provided appellant paid the balance due under the contract. It becomes necessary, therefore, to construe the contract set out above. Appellee contends it is an absolute sale of land to appellant; while appellant contends it is an agreement on its part to undertake the sale of said lands for appellee at a fixed price and that the instrument can not be construed as a contract for the sale of real estate because there is no mutuality of obligation.

We think appellee correctly construed this contract. We find nothing in its terms to support appellant's contention that the writing set out constitutes a mere undertaking on the part of appellant to sell said lots for appellee at a fixed price, and this is the point upon which the parties disagree. We think this is clear, not only from the terms of the contract, but that this was the understanding of the parties thereto appears from their action under it. Fifteen hundred dollars were paid before there was a demand for any lots, and while article 3 of the contract does give appellant the right to demand a deed for each $30 of purchase money paid, article 2 of the contract requires appellant to make payments at the rate of a thousand dollars a year whether any lots are sold or not.

The court below construed the contract as we have done and gave judgment against appellant for the $1,500 of the purchase money then due, and declared this sum to be a lien upon the property in question and directed its sale, unless the same should be paid within the time fixed by the decree, provision being made in the decree for the retention by the commissioner of any sum of money received by him in excess of the sum adjudged to be due, this excess to be applied to the payment of the unpaid balance upon its maturity.

(1) Appellant, of course, is entitled to a deed to a lot for each $30 of purchase money paid, but it has no right to claim the benefit of the contract while refusing to

discharge the obligations which are imposed upon it. Appellee offered to execute a deed to a sufficient number of lots to cover all of the purchase money which had been paid or was then due, and, as this was all he could be required to do, it can not be said that he was in default.

(2)    The contract is not void for the want of mutuality. *Johnson* v. *Wilkerson,* 96 Ark. 320.    The obligation on appellant's part is to pay the purchase money as it matures and upon appellee's part to execute deeds at the rate of one lot for each $30 of purchase money paid.

We conclude, therefore, that appellant misconstrued this contract and its rights thereunder and committed a breach of the contract by its failure to pay the purchase money when due.    The decree of the chancellor will, therefore, be affirmed.