HARKRIDER *v.* HOWARD.

Opinion delivered April 22, 1918.

LIENS—LABOR—PARTIES WORKING AS PARTNERS.—A. and B. undertook as partners to make staves for C.; some staves were made, and at C.'s request A. caused B. to cease to work as a partner but paid him an agreed price per day. In an action by B. against A., it was the court's duty in instructing the jury to present A.'s theory that B. could not claim a lien and recover for labor done in the production of staves, while A. and B. were partners, A. having been paid for the staves.

Appeal from Hot Spring Circuit Court; *W. H. Evans,* Judge; reversed.

*W. D. Brouse,* for appellant.

1. E. L. Cotton was a necessary party. 30 Cyc. 31, 141-2.

2. The testimony was prejudicial and the instructions erroneous. 197 S. W. 1177; Kirby's Dig., § 5999. Harkrider has been paid for all the time spent for which he had a lien. Part of the time he had no lien, as his labor did not contribute to producing the staves. 71 Ark. 334; 69 *Id.* 23.

3. For error in the instructions, see 71 Ark. 334; 199 S. W. 73. They did not properly present appellant's theory.

*Henry Berger,* for appellee.

1. Appellee had a lien. 128 Ark. 280; 71 *Id.* 338.

2. There is no error in the instructions and the verdict is sustained by the evidence. No valid defense was shown. Appellee was not a party to the settlement between Hamlen & Son and Harkrider, nor was he paid the amount of his lien. Kirby's Dig., chap. 101 (128 Ark. 280), settles this case.

STATEMENT OF FACTS.

In the month of May, 1916, one E. L. Cotton had one Starks making staves for him. He became dissatisfied with Starks and told one Harkrider that he wanted him to finish up the job. Harkrider replied that he knew nothing about the stave business, and for that reason would not undertake it alone. Cotton then suggested to Harkrider that he get Mr. Howard, who was an experienced stave man, to go in with him. Harkrider and Howard agreed to make staves on halves. Cotton agreed to pay them $20 for oil staves and $40 for wine staves per thousand, stacked on the yard. After Harkrider had worked making staves about two weeks, Cotton insisted upon Harkrider getting rid of Howard, telling Harkrider that Howard was a rascal and that the Hamlen Stave

Company, to whom Cotton had contracted to sell staves, would not stand for him. Harkrider then agreed to give Howard $3 per day for his labor. The kind of work done by Howard was taking up bolts, stacking staves, and sawing some staves except a part of the day. He also stacked staves on the yard when he was not sawing, and filed the saws at noon and evening. It was in the month of June when Harkrider agreed to pay Howard $3 per day. The work of getting out the staves was finished about the tenth of July. All told Howard worked forty-two days, including the time he was working as a partner with Harkrider. He worked some twenty, twenty-six or twenty-eight days after Harkrider agreed to pay him $3 per day for his services. Harkrider was paid by Hamlen & Son, who purchased the staves from Cotton, the balance due on the staves. Howard was not paid anything for his labor in connection with the staves. He brought this action in the justice court to recover for work and labor on the staves, the sum of $126 alleged to be due him from Harkrider. He had a specific attachment issued and levied upon twenty thousand staves as the property of Harkrider and J. H. Hamlen & Son, upon which he claimed a lien for his labor, all under the provisions of subdivision 3, chapter 101, of Kirby's Digest. No written answer was filed, but the testimony adduced showed that issue was joined on the allegations of the complaint and affidavit. The defendants contended under the evidence that the plaintiff did not work forty-two days in producing the staves; that part of the time charged for was work done by plaintiff as a partner, and part of the work charged for was not such as to entitle plaintiff to a laborer's lien; that there was no definite showing as to the time when his labor contributed to the manufacture of the staves as a laborer and not as a partner; that if plaintiff ever had a lien for any amount same was lost or plaintiff was estopped from asserting same by his conduct in not notifying the defendant J. H. Hamlen & Son, or any one connected with it, that he had or claimed a lien when it was his duty to speak; that if he had a lien the

attachment could not be sustained because E. L. Cotton, the party with whom the contract was made for the manufacture of the staves, was not made a party.

The court at the request of appellee and over the objection of appellants granted among others the following prayers for instructions:

"1. The court instructs the jury that laborers who perform work and labor on any object, thing, material or property, shall have an absolute lien on such object, thing, material or property for such labor done and performed.

"2. The court instructs the jury that if you find from the evidence in this case that staves in this action were disposed of before the lien of plaintiff had been liquidated or released, then the purchaser, Cotton, had notice of such lien before he paid the defendant, Harkrider, therefor; in that event plaintiff should still have his lien, notwithstanding such payment.

"3. The court instructs you that at the time the staves in this action were attached, that the title to said staves was in Cotton.

"4. The court instructs the jury, before the defense of payment to Harkrider is available, it must be shown by the evidence in this case that the amount paid to Harkrider was the amount agreed upon under the contract (if you find there was a contract), and if you find from the evidence in this case that upon a final settlement between Harkrider and Cotton that the amount paid to Harkrider was less than the contract price, and that under the original contract there was yet due Harkrider a sum sufficient to pay the amount claimed by plaintiff (if you find such sum was due him), then your verdict will be for plaintiff."

There was a verdict in favor of the plaintiff below for $126. Judgment was entered in his favor for that sum, and this appeal was taken. Other facts stated in the opinion.

WOOD, J., (after stating the facts). The above instructions granted by the court ignored the defense made

by the appellant J. H. Hamlen & Son to the effect that it had purchased the staves without any notice of appellee's claim for lien and that at least part of the labor for which appellee claimed a lien was done while he was a partner with Harkrider in the production of the staves, and that the payment by Hamlen & Son to Harkrider for the staves settled for the labor of appellee on the staves while he was Harkrider's partner. True, in another instruction the court told the jury in substance that if Hamlen & Son had settled with Harkrider without knowledge that plaintiff claimed a lien, that plaintiff could not recover of Hamlen & Son. But the instructions did not present a harmonious charge on this issue. As a specific objection was made the court should have so framed its instructions as to make the charge as a whole harmonious. The court did not in any of its instructions present appellants' theory that appellee could not claim a lien and recover for labor done in the production of the staves while he was Harkrider's partner and for which the latter had been paid.

The appellants were entitled under the evidence to have these defenses submitted in a consistent charge. The court over the objection of appellants permitted testimony as to the contract price of the staves; as to whether anything was paid for culls, whether the culls were dead culls and their value, and as to the reasonable worth of plaintiff's labor. This testimony, and the instructions based upon it, were not germane to the issue as we conceive it, but we would not reverse for these rulings because we do not consider them prejudicial. We call attention to them in order that they may be eliminated and time thereby saved on a new trial. We find no other reversible error in the record, but for the above the judgment is reversed and the cause is remanded for a new trial.