CROSSETT LUMBER COMPANY *v.* FOWLER.

Opinion delivered February 3, 1919.

1. MASTER AND SERVANT—CONTRACT—JURY QUESTION.—In an action against a silo company for services in erecting silos for purchasers, evidence *held* sufficient to justify submission to jury of issues as to whether defendant's agent had authority to employ plaintiff and whether he employed plaintiff.

2. PRINCIPAL AND AGENT — SCOPE OF AUTHORITY.—A principal is bound, not only by all acts of an agent within the scope of his actual authority but also by those within the apparent scope of the agent's authority, even though they are beyond the actual scope of the authority.

3. PRINCIPAL AND AGENT—APPARENT AUTHORITY.—"Apparent authority" is that which, though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing.

4. SAME — UNDISCLOSED LIMITATION OF AUTHORITY.—In an action against a silo company for services rendered in erecting silos for purchasers under employment by an agent, the court properly refused to admit in evidence the company's contracts with purchasers, plaintiff not being bound thereby.

5.  SAME—SECRET LIMITATION OF AUTHORITY.—An innocent third per-
    son had a right, in dealing with defendant's agent, to rely upon
    the apparent authority with which defendant had clothed such
    agent.                                              .·

Appeal from Hempstead Circuit Court; *George R.
Haynie*, Judge; affirmed.

### STATEMENT OF FACTS.

This action was brought by the appellee Fowler
against the Crossett Lumber Company and J. W. Brazell
and J. H. Hipp to recover the sum of $70 for services
claimed by appellee to be due him for services rendered
appellants under the contract for the erection of certain
silos.

The testimony of the appellant tended to show sub-
stantially the following facts: The Crossett Lumber
Company was in the business of manufacturing and sell-
ing silos under the name of the Crossett Silo Company.
Brazell and Hipp were soliciting agents for the company
to take orders for the sale of silos.

After the testimony was introduced the court in-
structed the jury that Hipp was not liable and no excep-
tions are saved to that ruling and he passes out of the
case.

The company had a written contract with Brazell
in 1914. The contract expired in that year but was re-
newed on the same terms orally each year with minor
changes as to commissions paid agent. In the year 1914
the company paid for the construction of practically all
the silos. It sent out a man to construct them or superin-
tend the construction of them for the protection of the
company and for the benefit of the purchasers. The com-
pany put up the silos in 1914, and possibly in the year
1915, and some in 1916. But during the year 1916 the
company changed its method as to the construction of
the silos and the plan adopted then was to erect one silo
in each community where there were no silos, in order
that the people of that community might know how it
was done. When they erected the silos for its pur-
chasers it was done under a contract with the purchaser

written on the face of the order for the silo. That Brazell, the agent, contracted with the appellee to erect silos for the purchasers, but exceeded his authority in so doing. The company had no knowledge that the appellee had built the silos and that he was claiming that the company was liable for the same until September, 1917, about one year after the work was done and the notice then came through his attorney. The contract of the company with Brazell was to solicit business for the silo department—to take orders but the orders were not binding until accepted by the company. Brazell got his compensation in commissions on business that was approved by the company. The appellant offered in evidence several written contracts made with the purchasers of silos, which contracts contained the following: "This order constitutes the entire and only agreement between the parties hereto, and any and all verbal agreements made with the salesman or agents that are not written in the order are waived by the purchaser. This contract is not binding on Crossett Silo Company until it is accepted and approved by the home office at Crossett, Arkansas."

The court refused to permit this evidence and the appellant excepted to the ruling of the court.

The appellee testified substantially as follows: Brazell came to him and requested him to put up some silos, but stated that witness would have to do it as he could not get anyone else to do it for him. Witness agreed to do it for him. Witness agreed to do it and understood that he was to erect them for the Crossett Silo Company. Witness did erect them. There was nothing said about the prices. Witness worked by the day and told Mr. Brazell that he was working for $3 a day. Brazell did not ask witness what he charged. Witness did the work for the Crossett Silo Company and Brazell. Witness sent them a statement showing the sum of $70 due him for the work which they refused to pay and he instituted this suit.

Some of the witnesses who purchased silos testified that the agents Brazell and Hipp promised at the time

that they would have the silos erected. Witness understood from these representations that Fowler was employed by the Crossett Lumber Company to erect the silos. One witness stated that he "bought a silo from Brazell who was representing the Crossett Lumber Company." Brazell was held out as the general agent of the Crossett Lumber Company in that community and he was dealing with him as such. One witness bought the silo who happened to know something about building it and Brazell said "we furnish a man to go around and build all these silos." After he bought the silo and it was delivered and Fowler came, as witness understood as the representative of Mr. Brazell and the Crossett Silo Company and constructed it.

The court substantially instructed the jury that if they found from the preponderance of the evidence that the appellee made a contract with the agent of the appellant company and the agent had authority to bind the company for the building of the silos or if they found that it is within the apparent scope of the authority of the agent to employ the appellee to build the silos they should find in appellee's favor. On the other hand if there was no contract between Brazell, the agent and the appellee for the building of the silos they should find for the appellant, and if they should find that there was a contract between them for the building of the silos but that under the evidence Brazell had no authority to make the contract, they should find for the appellant.

The court also correctly defined to the jury the essentials of the contract.

The appellant requested the court to instruct the jury to find a verdict in its favor, which the court refused. To this ruling the appellant excepted.

The jury returned a verdict in favor of the appellee against the appellants and from a judgment rendered in his favor is this appeal.

*T. C. Jobe,* for appellant.

The court erred in refusing to admit in evidence the written contracts offered by defendants containing the

clauses that it constituted the entire and only agreement between the parties and that all verbal agreements made with salesmen or agents are waived by the purchaser and was not binding on the Crossett Company until accepted and approved by the home office at Crossett. Neither Brazell nor Hipp had even apparent authority to bind the company and it was error to refuse to instruct the jury to find for defendants. 90 Ark. 88; 39 *Id.* 568-570; 100 *Id.* 510.

A mere offer not assented to constitutes no contract until accepted. One dealing with an agent must ascertain his authority and if the agent acts without authority or outside the scope of his authority, real or apparent, the principal is not bound. 100 Ark. 360; 92 *Id.* 315, citing 63 Ark. 33-44, and 55 *Id.* 627.

The authority of an agent cannot be established by his own declarations. 92 Ark. 315.

Defendants were not bound by estoppel on the ground of acquiescence. They knew nothing at the time of his doing the work nor learned of it until suit was brought more than a year after the work was done, hence the verdict is contrary to the evidence and the court erred in its instructions. *Supra.*

*Etter & Monroe,* for appellee.

The jury decided there was a contract and the verdict is conclusive. 109 Ark. 545.

Brazell was the agent of appellant and employed Fowler to do the work and he acted within the scope of his authority and the principal is bound. 117 Ark. 173; 49 *Id.* 320; 96 *Id.* 460. He was held out to the world as having the authority and any secret agreement would be no notice to any one that Brazell employed. 60 Ark. 539; 55 *Id.* 629; 48 *Id.* 138; 42 *Id.* 97; 90 *Id.* 301; 112 *Id.* 69; 103 *Id.* 79; 42 *Id.* 97.

All the facts were submitted to a jury under proper instructions and the verdict will not be disturbed. 48 Ark. 495. They decided there was a contract and their verdict is conclusive. 109 Ark. 545. Where there is a conflict in the evidence the questions of fact are settled

by the verdict. 109 Ark. 47; 75 *Id.* 111; 85 *Id.* 193; 84 *Id.* 408; 90 *Id.* 103; 89 *Id.* 326; 128 *Id.* 128; 86 *Id.* 603; 103 *Id.* 538; 122 *Id.* 243; 90 *Id.* 301.

WOOD, J., (after stating the facts). The appellant contends that the court erred in refusing to grant its prayer No. 1 for instruction and urges that this prayer should have been granted for the reason that there is no testimony to sustain the verdict.

There was evidence to warrant a finding by the jury that Brazell was the agent of the appellant company with authority to solicit orders for the sale of silos. That these silos were manufactured and delivered to the purchasers in a *knock down* condition. That to erect the same required the services of a competent and experienced man. That in the years 1914 and 1915 the company itself had the silos built and that in the year 1916 they told their salesmen that they would send an experienced man to each community, where they sold silos, to erect one silo so that the people might know how it was done.

The testimony warranted a finding that Brazell, the soliciting agent, employed the appellee, because he was an experienced and competent workman, to erect silos for the various purchasers; that he requested appellee's services for that purpose, to which he agreed and he (appellee) performed the services and charged therefor less than the price he received for ordinary day wages. That when the amount for which he sued was due it had been demanded and payment had been refused.

This testimony was sufficient to warrant the court in submitting to the jury the issue as to whether or not Brazell as agent of the appellant company entered into a contract with the appellee to perform the services for which he sued, and whether or not Brazell as such agent had the apparent authority to enter into such a contract.

No objection was urged in the court below to the instructions under which the court sent these issues to the jury.

In *Hadley Milling Co.* v. *Kelly,* 117 Ark. 173-176, we said: "A person is, however, bound not only by the acts

of his agent within the scope of actual authority conferred, but also those acts which are within the apparent scope of the agent's authority, even though they are beyond the actual scope of the authority.''

This familiar principle is applicable to the facts of this record.

The jury were warranted in finding that the appellant company clothed its agent Brazell with the apparent authority to make contracts for the construction of silos after their delivery in the knock-down condition to the purchasers. The acts of the company through its agent, in having the silos thus constructed during the year 1914, and possibly 1915 and in having one silo constructed in each community where silos had been sold, were tantamount to holding the agent out as possessing the authority to make contracts for the erection these silos.

Apparent authority is that which though not actually granted, the principal knowingly permits the agent to exercise or which he holds him out as possessing. The principal is bound by all the acts of his agent coming within the apparent scope of the authority conferred upon him. See 21 R. C. L., p. 854, sec. 34, and note; 1 Mechem on Agency, p. 521, sec. 738, and note.

The court did not err in refusing to permit the written contracts of the company with the purchasers of the silos. The appellee was not a party to these contracts and was not bound by any provision contained therein limiting the authority of the soliciting agent. The appellee as an innocent third party had the right to rely upon the apparent authority with which the appellant company had clothed its agent Brazell to enter into contracts for the construction of silos notwithstanding any secret limitations upon the agent's power in contracting for the sale of silos. Mechem on Agency, p. 737.

As to whether the agent was clothed with the apparent authority to enter into the contract and whether he executed the contract sued on, were issues for the jury which were submitted under correct instructions.

Finding no error in the rulings of the court the judgment is, therefore, affirmed.