BATTLE v. DRAPER.

Opinion delivered May 30, 1921.

1. CONTRACTS—CONSTRUCTION.—It is the duty of the court to construe a written contract and to declare its terms and meaning where the contract contains no words of latent ambiguity.

2. CONTRACTS—MUTUALITY.—Where plaintiff had sold a tract of mortgaged land to defendant, there was no lack of mutuality in a subsequent contract whereby it was agreed that defendant should for a reduced consideration buy in the above tract of land at the foreclosure sale and should also buy in another tract belonging to plaintiff, for which plaintiff agreed to pay the purchase money.

3. FRAUDS, STATUTE OF—MEMORANDUM SIGNED BY AGENT.—Where an agent was authorized to sign a memorandum of a written contract for the sale of land, it is immaterial that the authority of such agent was not witnessed by writing.

4. PRINCIPAL AND AGENT—AUTHORITY OF GENERAL AGENT.—Where a father was general agent to act for his daughter, she was bound by his act in signing a written contract for the sale of her land, regardless of whether he had shown it to her or stated its terms to her before he signed it for her as her agent.

5. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—Objection that a verdict is excessive can not be raised on appeal where it was not made one of the grounds of the motion for new trial.

Appeal from Hempstead Circuit Court; *George R. Haynie*, Judge; affirmed.

STATEMENT OF FACTS.

Mattie B. Draper brought suit against O. M. Battle to recover damages for the alleged breach of a contract. The defendant denied liability under the contract.

Mattie B. Draper purchased from J. J. Battle two tracts of land in Hempstead County, Arkansas, known respectively as the Custer place and the Smith place. On the 10th day of October, 1912, she executed a mortgage on said tracts of land in the sum of $19,000 to J. J. Battle to secure a balance of the purchase money. On the 9th day of December, 1912, she sold and conveyed to the defendant, O. M. Battle, a brother of J. J. Battle, the Smith place for $16,000 and retained a lien upon the land for the unpaid purchase money. Most of the purchase money

was unpaid, and the sale was made subject to the mortgage she had given to J. J. Battle. Having failed to pay J. J. Battle according to the terms and conditions of the mortgage, he brought suit against her and O. M. Battle in the chancery court to foreclose her mortgage and to cancel her deed to O. M. Battle in so far as it affected his rights under the mortgage. On the 5th day of March, 1915, a decree of foreclosure in favor of J. J. Battle was entered of record in the chancery court. The court rendered judgment in favor of J. J. Battle for the sum of $21,621.45 for his mortgage debt, interest and taxes paid by him. This sum was adjudged to bear interest from date at the rate of 8 per cent. per annum until paid. It was decreed that the deed of Mrs. Draper to O. M. Battle for the Smith place should be canceled, in so far as the rights of J. J. Battle under his mortgage are affected. A decree of foreclosure upon default of the payment of the mortgage indebtedness was entered of record in the usual form. The sale was advertised to take place on the 30th day of June, 1915. In order to protect their rights in the premises on that day and before the sale was had, Mrs. Mattie B. Draper and O. M. Battle entered into a contract in writing as follows:

"Whereas, J. J. Battle has a judgment for $21,876.06, principal and interest, against the Custer land belonging to Mattie B. Draper and against the Smith place belonging to O. M. Battle; now we agree that O. M. Battle is to bid in all this land at the sale today, or have it done, and that, in payment of the judgment, there shall be charged against the Smith land the sum of $15,000 and against the Custer land the sum of balance of the judgment and costs of the case, now estimated at $100. O. M. Battle is to take care of the $15,000 and Mattie B. Draper is to take care of the balance of the judgment, that is, she is to proceed to make a loan on the Custer land and take up her part of the judgment, and O. M. Battle will deed or have deeded to her or her assigns the Custer land. If she fails to do this within twelve months, then this agree-

ment is void, and said O. M. Battle shall own the Custer land absolutely, this agreement being an option by O. M. Battle, given in consideration of a large concession of the indebtedness due her, Mattie Draper, on the Smith place by O. M. Battle. All received for these lands at the sale advertised for today, over the amount of the judgment coming to these parties, they or either of them may bid said land up, and if a reasonable bid is offered by an outside party, the owner may let his or her land sell, but such sale shall not change the basis of this settlement, and the owner of the land so sold shall have the overplus so bid.''

J. J. Battle was the only bidder at the foreclosure sale, and he bid in both the Smith and Custer tracts for his debt, interest and costs. O. M. Battle did not attempt to bid at the sale. Before twelve months expired Mrs. Draper, through her father, who was her agent in the premises, made demand of O. M. Battle for a deed to the Custer place in accordance with the terms of the contract of June 30, 1915, and offered to pay him the sum of $7,000 therefor. O. M. Battle waived the actual tender of the money and refused to make the deed. He claimed that the title to the land was then in J. J. Battle, and that there was no liability on his part under the terms of the contract between him and Mrs. Draper of the date of June 30, 1915.

The witnesses in the case variously estimated the value of the Custer tract at from $15 to $35 an acre. J. J. Battle said that there were between five and six hundred acres in the tract, and that the land was not worth more than $15 per acre. The father of Mrs. Draper said that there were between six and seven hundred acres in the tract, and that the whole tract was worth $20,000. Other witnesses estimated the land to be worth from $20 to $35 per acre.

J. J. Thomas, the father of Mrs. Draper, acted as her agent throughout the entire transaction, and signed the contract with O. M. Battle of the date of June 30, 1915,

as follows: ''Mattie B. Draper, by John J. Thomas, her agent.''

Other facts will be stated or referred to in the opinion.

The jury returned a verdict in favor of the plaintiff, Mattie B. Draper, against the defendant, O. M. Battle, in the sum of $7,500.

From the judgment rendered the defendant has duly prosecuted an appeal to this court.

*John B. Gulley,* for appellant.

1. The court erred in its instructions. 53 S. E. 795; 6 L. R. A. (N. S.) 403; 89 Ark. 368; 104 *Id.* 459; 1 Elliott on Contracts 232; 13 C. J. 329; 49 L. R. A. (N. S.) 380; 13 C. J. 330; 84 N. E. Rep. 614. The contract and the evidence was undisputed, and a verdict should have been directed for appellant. Mutuality was lacking in the contract. 47 S. E. 66. See, also, 13 C. J. 330.

2. It was error to refuse to allow testimony as to whether or not an offer or tender of money was made to J. J. Battle as shown by the record. Fraud must be proved; it is never presumed. 99 Ark. 45, and many others. A promise to do something in future can not be made the basis of an action of fraud. 225 S. W. 340; 91 Ark. 324; 121 *Id.* 23; 124 *Id.* 308. Mrs. Draper waived the alleged fraud by failure to act promptly and long delay in making complaint. 26 Ark. 28; 77 *Id.* 261; 20 Cyc. 92.

3. The verdict is excessive.

*L. F. Monroe* and *John N. Cook,* for appellee.

1. No proper exceptions were saved, nor objections made to the instructions, nor to the introduction of testimony. 135 Ark. 499; 139 *Id.* 416; 113 *Id.* 120. The authority of Thomas to sign appellee's name to the contract was not required to be in writing. 72 Ark. 359; 101 *Id.* 73; 92 *Id.* 215.

2. The issues made were properly submitted to a jury and proper instructions given, and the verdict is not excessive.

HART, J. (after stating the facts). It is first insisted by counsel for the defendant that the court erred in giving instruction No. 1, as follows:

"1. If you find from a preponderance of the evidence that the plaintiff, Mattie B. Draper, through herself or her agent, and within one year from June 30, 1915, offered to pay the plaintiff (defendant) the sum of $7,000 as the balance due on the 'Custer place,' and that the defendant refused said offer, or waived a tender of said sum, and failed to execute a deed to plaintiff to said land, your verdict will be for the plaintiff."

The correctness of this instruction depends upon whether or not the contract between O. M. Battle and Mrs. Mattie B. Draper of the date of June 30, 1915, is ambiguous.

It will be observed that the court construed the contract and declared it valid in giving this instruction. It is well settled in this State that it is the duty of the court to construe a written contract and declare its terms and meaning to the jury where the contract contains no words of latent ambiguity. *Paepcke-Leicht Lbr. Co.* v. *Talley,* 106 Ark. 400, and *Wilkes* v. *Stacy,* 113 Ark. 556.

It is first insisted by counsel for the defendant that the construction is erroneous because the contract lacked mutuality. We can not agree with counsel in this contention.

In *Johnson* v. *Wilkerson,* 96 Ark. 320, the court held that the entire contract must be looked to as a whole in determining the consideration for its various obligations and the question of mutuality of the obligations. The court held further that one condition is sufficient to support several undertakings and promises.

In *Kilgore Lumber Co.* v. *Thomas,* 98 Ark. 219, the court held that mutual obligations imposed by a contract form a sufficient consideration for entering into it. See, also, *Fisher* v. *Skinner,* 112 Ark. 190.

Tested by the principles announced in those cases, it can not be said that the contract was void for want of

mutuality. By the terms of the contract O. M. Battle bound himself to bid in all the land at the foreclosure sale and that he would take care of $15,000 of the mortgage indebtedness and that Mrs. Draper should take care of the balance of it, which amounted to about $7,000.

It will be remembered that Mrs. Draper had conveyed the Smith place to O. M. Battle in December, 1912, for the consideration of $16,800, most of which was on deferred payments. The sale was subject to the mortgage of J. J. Battle. The contract further provided that, unless Mrs. Draper paid her part within twelve months, the agreement should be void, and that O. M. Battle should own the Custer land absolutely. The contract then recites that this option is given in consideration of a large concession of the indebtedness due Mrs. Draper on the Smith place by O. M. Battle. Thus it will be seen that, if O. M. Battle had carried out the contract on his part and had bid in the land for the amount of the mortgage indebtedness, interest and costs, he would have had an absolute title to the Custer place, provided Mrs. Draper did not exercise her option to repurchase under the contract and Battle would have been released from the payment of the purchase money which he agreed to pay Mrs. Draper on the Smith place in excess of $15,000. He had agreed to pay $16,800. Thus it will be seen that the difference was a substantial sum and was a good consideration for the contract. The agreement on the part of Mrs. Draper to release a part of his indebtedness to her for the purchase price of the place was a sufficient consideration for his agreement to bid in the lands at the foreclosure sale. There was a benefit derived on each side from the contract, and that fills the demand of the law as to consideration. Any benefit conferred on O. M. Battle to which he was not lawfully entitled or any detriment suffered or agreed to be suffered by Mrs. Draper is a good consideration and will support the contract.

It is also urged that the last part of the contract which deals with the question of what the parties should

do in case of a reasonable bid being offered and accepted
by an outside party is ambiguous. We need not consider
this, however, for there was no bid by any outside party
exceeding the mortgage indebtedness, as contemplated
by the parties. The whole tenor of the agreement shows
that O. M. Battle was to bid the amount of the judgment
and costs, and the clause of the contract relative to outside
parties bidding refers to them bidding more than the
mortgage indebtedness and costs. This is shown by the
language used, because it provides that such a sale should
not change the basis of the settlement, and that the owner
of the land so sold should have the overplus so bid. We
think the court was right in construing the contract to
mean that O. M. Battle must bid at least the amount due
J. J. Battle under the foreclosure decree.

The undisputed evidence shows that O. M. Battle did
not bid in the land as he had agreed to do, and there was
no error in giving the instruction.

It is true the contract was signed by the agent of the
plaintiff, and that there was no writing authorizing him
to do so, but that does not make any difference. The
evidence shows that the agent had authority to sign the
contract for his principal, and such authority was not re-
quired to be in writing. *Davis* v. *Spann,* 92 Ark. 213.

It is also true, as contended by counsel for appellant,
that Captain Thomas did not show the contract to Mrs.
Draper until after it was executed; but that does not make
any difference. Mrs. Draper stated that he was her
agent in making the contract, and this constituted him as
her general agent. She stated specifically that she gave
him power to act as her agent in the matter. Therefore
being her general agent to make the contract, she was
bound by its terms as soon as her father made it, regard-
less of the fact of whether he had shown it to her, or
stated the terms of it to her before he signed it for her
as her agent.

Again it is urged that the judgment should be re-
versed because the complaint alleges that if the contract

had not been entered into the plaintiff could and would have raised the necessary funds and would have saved her land from sale under the foreclosure decree. This allegation was immaterial and had no part in the case. It was not treated as material to the issues raised by the pleadings, and no evidence was introduced relative to it. The reason is apparent. The parties had entered into a contract with regard to the matter and the terms of this contract, which, if valid and binding, fixed their rights and the measure of damages for a breach of it. We have held the contract to be a valid and binding one, and the undisputed evidence shows a breach of it by O. M. Battle. This suit was brought by Mrs. Draper against him within the period of the statute of limitations, and she had a right to maintain it.

The court correctly instructed the jury on the measure of damages. It is claimed that the verdict is excessive. That the verdict was excessive is not made one of the grounds for a new trial, and the defendant, having failed to include it in his motion for a new trial, can not for the first time raise the question on appeal. Moreover, the evidence for the plaintiff was sufficient to warrant the jury in returning the verdict in the amount found by it.

It follows that the judgment must be affirmed.