CLARK v. WILSON.

Opinion delivered June 7, 1926.

1. LOGS AND LOGGING—LABORER'S LIEN—WAIVER.—A lien for wages on lumber, under Crawford & Moses' Dig., § 6848 *et seq.*, may be waived by consent to or acquiescence in the sale of the lumber.

2. LOGS AND LOGGING—WAIVER OF LIEN.—In an action to enforce a laborer's lien on lumber under Crawford & Moses' Dig., § 6848 *et seq.*, where there was evidence to warrant a finding that plaintiffs knew that the lumber was being hauled away and sold, it was error to refuse to submit the issue as to whether plaintiffs waived the lien.

3. LOGS AND LOGGING—NOTICE OF LIEN.—One who purchases lumber for a valuable consideration in good faith and without knowledge of liens existing thereon for wages under Crawford & Moses' Dig., § 6848, will be protected.

Appeal from Clark Circuit Court; *James H. McCollum*, Judge; reversed.

*McMillan & McMillan*, for appellant.

McCULLOCH, C. J.    Appellees worked at a country sawmill in Clark County, operated by H. A. Freeman, and they instituted this action against Freeman, claiming a lien on a small amount of lumber manufactured at the mill and sold by Freeman to appellant. An attachment was duly issued in accordance with the statute (Crawford & Moses' Digest, § 6848 *et seq.*), and levied on the lumber at appellant's yard in Arkadelphia. Appellant intervened, claiming the lumber free from the lien asserted by appellees. The cause was begun before a justice of the peace, and was tried on appeal in the circuit court, resulting in a verdict for each of the appellees for a small amount. Judgment was rendered declaring a lien on the attached lumber.

On the trial of the cause, appellees testified that they worked at Freeman's mill, and that their labor contributed to the production of lumber which Freeman hauled to Arkadelphia and sold to appellant. The testimony was sufficient to warrant the conclusion that appellees knew that Freeman was hauling the lumber to Arkadelphia and selling it to appellant. Mr. Ross, appellant's

agent at Arkadelphia, testified that he bought the lumber in controversy from Freeman, and had been regularly buying lumber from Freeman in small lots, and had no knowledge of there being a laborer's lien on the lumber.

The court submitted the cause to the jury on the sole questions whether or not appellees performed labor in the production of the lumber in controversy and whether they had been paid for that particular labor. The court refused to submit to the jury, on appellant's request, the issue whether appellees waived their lien by consenting for Freeman to sell the lumber in the market, and whether appellant bought and paid for the lumber without notice of the lien. We are of the opinion that the court erred in refusing to submit those issues to the jury, for there was sufficient evidence to warrant a finding that appellees knew that Freeman was hauling the lumber to Arkadelphia and selling it, and this constituted a waiver of the lien.

With respect to the question of waiver, the lien was the same as that of a landlord, and we have held that it may be waived by the lienor consenting to, or acquiescing in, a sale to a third person. *May* v. *McCaughey,* 60 Ark. 357.

The evidence was also sufficient to warrant a finding that appellant bought the lumber from Freeman without any notice of the existence of a lien or without information as to facts which, if inquired about, would lead to knowledge of the lien. The statutory lien is absolute, as declared in express terms, but a purchaser for a valuable consideration, in good faith, without any knowledge of a lien, will be protected. *Harkrider* v. *Howard,* 134 Ark. 575.

For the error indicated the judgment is reversed, and the cause remanded for a new trial. •