A. J. CHESTNUT COMPANY v. HARGRAVE.

Opinion delivered June 25, 1928.

684

686

*Wooldridge & Wooldridge,* for appellant.

*John T. Cheairs* and *Williamson & Williamson,* for appellee.

HART, C. J., (after stating the facts). Counsel for the respective parties recognize the rule laid down in *Clark* v. *Wilson,* 171 Ark. 323, 284 S. W. 23, to the effect

that one who purchases lumber for a valuable consideration, in good faith, and without knowledge of liens existing thereon under the statute, is to be protected.

Counsel for appellant seek to reverse the judgment on the ground that there is no testimony in the record from which the circuit court might have found that appellant purchased the staves without any notice of the claims of appellees for liens. On the other hand, counsel for appellees seek to uphold the judgment on the ground that the evidence was sufficient to constitute notice to appellant. In making this contention, they rely upon the fact that Huggins was the general agent of appellant, or that at least he had apparent authority to act for appellant, and that knowledge to him was therefore knowledge to appellant. The rule in this State is that a principal is bound by all that is done by his agent within the apparent scope of his authority, and the authority given to and exercised by Huggins carried with it the apparent power to act for appellant in all matters connected with the operation of its lumber yards. In short, the general rule in this State is that the principal is bound by the acts of his agent which are within the real or apparent scope of his authority. *Security Life Ins. Co. of America* v. *Bates,* 144 Ark. 345, 222 S. W. 740; *Battle* v. *Draper,* 149 Ark. 55, 231 S. W. 869; *Bartlett* v. *Yochum,* 155 Ark. 626, 245 S. W. 27; *Ozark Mutual Life Association* v. *Dillard,* 169 Ark. 136, 273 S. W. 378; and *General Motors Acceptance Corporation* v. *Salter,* 172 Ark. 691, 290 S. W. 584.

Tested by this rule, we think that the circuit court might find that the appellant was not an innocent purchaser of the lumber. It is true that the evidence for appellant tended to show that the authority of Huggins was confined to inspecting lumber and shipping it upon orders given to him from the home office at Memphis. Be that as it may, the facts show that he at least had apparent authority in the premises. Appellant had three lumber yards in the same territory in the State of Arkansas. One of these was at Winchester, where the lum-

ber in question was received and inspected. Huggins had charge of all three of these lumber yards. He received and inspected all the lumber brought there. He attended to the shipping of all lumber from all of these yards. It is true that, according to the evidence for appellant, the lumber was shipped out upon order from the home office at Memphis, but all the shipping was done by Huggins, and all the lumber was received in each of these yards by him. In fact, he alone had charge of the yards. It is admitted that he had notice of the existence of the liens of appellees, and, under these circumstances, we think the circuit court was justified in finding as a fact that his notice was notice to appellant.

It follows that the judgment will be affirmed